IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.   05-cv-00219-LTB-MJW

CONSUMER CRUSADE, INC.,

    Plaintiff,

v.

LIVE LEADS CORPORATION, a California corporation; Its Officer(s) and Director(s); and JUSTIN SNYDER;

    Defendants.

_____

ORDER
_____

On February 4, 2005, Consumer Crusade, Inc. ("Consumer Crusade") filed this lawsuit pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. It alleged that the defendants wilfully and knowingly sent, in violation of the TCPA, 896 unsolicited facsimile transmissions to persons resident in Colorado, who have since assigned to Consumer Crusade their resultant claims under the TCPA. On August 30, 2005, I entered an Order to Show Cause why this action should not be dismissed for lack of prosecution. On September 29, 2005, it appearing that the defendant Live Leads Corporation ("Live Leads") had properly been served and had failed to answer, default was entered against Live Leads and the order to show cause was discharged as to Live Leads. Consumer Crusade has not served the defendant Justin Snyder and so judgment has not entered.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). Because federal courts exercise only that jurisdiction authorized under the United States Constitution and federal statutes, I am obliged to consider the question of subject-matter jurisdiction at any stage of the

proceedings, whether raised by motion of the parties or on my own motion. *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001); *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1239-1240 (10th Cir. 2001); *United States v. Black Hawk Masonic Temple Ass'n, Inc.*, 798 F. Supp. 646, 647 (D. Colo. 1992). My obligation to examine subject matter jurisdiction continues even after entry of default against a defendant. *Eisler v. Stritzler*, 535 F.2d 148, 151 (1st Cir. 1976). Also, a defendant's failure to raise the issue before final judgment does not amount to a waiver. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 910 (10th Cir. 1974).

As Judge Figa recently found, no jurisdictional basis authorizes federal courts to entertain private causes of action under the TCPA. *Consumer Crusade, Inc. v. Fairon and Associates, Inc.*, 379 F. Supp. 2d 1132 (D. Colo. 2005). Also, as I recently held in *US Fax Law Center, Inc. v. iHire, Inc.*, 373 F. Supp. 2d 1208 (D. Colo. 2005), claims under the TCPA are not assignable and a purported assignee of such claims thus cannot be a real party in interest with standing to sue. For the reasons stated in those opinions, this case must be dismissed.

Accordingly, it is ORDERED that

1) the default against Live Leads is VACATED; and

2) the action is DISMISSED, *sua sponte*; and

3) judgment shall enter in favor of the defendants on all counts with costs.

Dated: October 25th, 2005, in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge